■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CUNNINGHAM, Appellant. [656 NYS2d 66] —Appeal by the defendant from two judgments of the County Court, Suffolk County (Dounias, J.), both rendered August 11, 1995, convicting him of attempted burglary in the first degree under Indictment No. 922/94, and burglary in the third degree under Indictment No. 2281/94, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, his pleas of guilty were entered knowingly and voluntarily (*see, People v Harris,* 61 NY2d 9).

The defendant also claims that he should be resentenced because the court did not expressly make a determination on the record regarding his eligibility for youthful offender treatment before imposing sentence (*see,* CPL 720.20). However, since the defendant made no assertion at the time of sentence that he was entitled to adjudication of his youthful offender status, his right thereto was waived (*see, People v McGowen,* 42 NY2d 905). The statute requiring the court to make the determination is not like those which, by their terms, indicate it is the court's responsibility to alert the defendant or his lawyer to his rights or the detriment he may suffer (*see, People v McGowen, supra*). Under the circumstances of this case, we find no basis for concluding that the sentences should be set aside.

The defendant's remaining contention is without merit. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.