**UNITED STATES of America,
Appellee,**

v.

**Malik DRISKELL, also known as Max
Del Valle, Defendant–Appellant.**

**Docket No. 01–1091.**

United States Court of Appeals,
Second Circuit.

Argued: Nov. 8, 2001.

Decided: Jan. 7, 2002.

Edward Zas, The Legal Aid Society Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Anirudh Bansal, Assistant United States Attorney (Jamie L. Kogan, Assistant United States Attorney, of counsel), on behalf of Mary Jo White, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Before: MINER, STRAUB, and PARKER, Circuit Judges.

STRAUB, Circuit Judge.

Defendant–Appellant Malik Driskell appeals from a final judgment of conviction entered on February 5, 2001 in the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*), following his plea of guilty to a one-count indictment charging him with a violation of 18 U.S.C. § 922(g)(1) by possessing a firearm and ammunition after having been convicted of the New York State felony of attempted murder in the second degree. Driskell contends that the District Court erred by assessing three criminal history points for his 1988 conviction of attempted murder in the second degree because, upon his subsequent adjudication as a youthful offender in respect of that offense, that conviction was "deemed vacated and replaced by a youthful offender finding," *see* N.Y.Crim. Proc. Law § 720.20(3) (McKinney 1995). He argues that the resulting sentence of 16 to 48 months' imprisonment imposed for this youthful offender adjudication could not be deemed to result from an "adult conviction," U.S.S.G. § 4A1.1, comment. (n.1), as defined by section 4A1.2(d) of the United States Sentencing Guidelines Manual ("Guidelines") and was therefore improperly included in the District Court's calculations. We hold that when calculating a defendant's criminal history under section 4A1.1 of the Guidelines, a district court may consider a prior conviction that was later adjudicated as a "youthful offender" finding under New York law. During its consideration, the district court should examine the nature of this prior proceeding, the sentence received and actually served, and where the defendant was incarcerated. We affirm.

## BACKGROUND

On March 7, 2000, Driskell, armed with a loaded nine-millimeter handgun, robbed

an individual at gunpoint on the rooftop of an apartment building in the Bronx, New York. When Driskell was subsequently arrested, the police searched a bag he was carrying and found the handgun, one hundred rounds of ammunition, and property belonging to the robbery victim who had identified Driskell as his assailant. Following Driskell's arrest, the New York Police Department conducted a review of his criminal history and discovered that Driskell was a prior felon who had been convicted on April 27, 1993 of attempted murder in the second degree. The police also confirmed that the firearm he possessed had not been manufactured in the State of New York; thus the gun had traveled in interstate commerce.

Driskell was indicted by a federal grand jury and charged with one count of illegal possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Pursuant to a written plea agreement, Driskell pled guilty to this charge on October 18, 2000. In the plea agreement, the parties stipulated that Driskell had an adjusted offense level of 22, seven criminal history points resulting in a Criminal History Category of IV, and therefore a stipulated Guidelines sentencing range of 63 to 78 months' imprisonment.

Contrary to the stipulation in the plea agreement, the United States Probation Office determined that Driskell had ten criminal history points and a Criminal History Category of V. The discrepancy resulted from the Probation Office's consideration of a 1988 conviction, in the New York State Supreme Court, Bronx County, of attempted murder in the second degree committed when Driskell was seventeen years old, after which Driskell had been adjudicated a "youthful offender" under New York State law.

 In New York, an individual between the ages of sixteen and nineteen who is charged with a criminal offense (excluding certain enumerated felonies) and fulfills other specified conditions (including having not been previously convicted and sentenced for a felony nor previously adjudicated a youthful offender) is deemed an "eligible youth." N.Y.CRIM. PROC. LAW § 720.10(1)-(2) (McKinney 1995). Such an "eligible youth" is tried "as any criminal defendant would be." *Capital Newspapers Div. of the Hearst Corp. v. Moynihan,* 71 N.Y.2d 263, 268, 519 N.E.2d 825, 827, 525 N.Y.S.2d 24, 26 (1988). "Upon conviction of an eligible youth, the court must order a pre-sentence investigation of the defendant" and after receipt of the investigation report, "the court must determine [during sentencing] whether or not the eligible youth is a youthful offender" while considering certain enumerated factors. N.Y.CRIM. PROC. LAW § 720.20(1).[1] "Upon determining that an eligible youth is a youthful offender, the court must direct that the conviction be deemed vacated and replaced by a youthful offender finding" and sentence the defendant pursuant to § 60.02 of New York's penal law.[2] *See id*

---

**1.** Such a determination is not mandated in all cases, however. A defendant may waive his right to a court's determination of his eligibility if he fails to assert at the time of sentencing that he is entitled to such a determination. *See, e.g., People v. McGowen,* 42 N.Y.2d 905, 906, 366 N.E.2d 1347, 1348, 397 N.Y.S.2d 993, 994 (1977); *People v. Cunningham,* 238 A.D.2d 350, 656 N.Y.S.2d 66 (2d Dep't) (mem.), *leave to appeal denied,* 90 N.Y.2d 857,

683 N.E.2d 1057, 661 N.Y.S.2d 183 (1997) (Levine, J.).

**2.** Under section 60.02(2), "[i]f the sentence is to be imposed upon a youthful offender finding which has been substituted for a conviction for any felony, the court must impose a sentence authorized to be imposed upon a person convicted of a class E felony." One such sentence is 1 and ⅓ years' (16 months')

§ 720.20(3).[3] The youthful offender finding and resulting sentence together constitute a "youthful offender adjudication." *Id.* § 720.10(6). If adjudicated as a youthful offender, that

> adjudication is not a judgment of conviction for a crime or any other offense, and does not operate as a disqualification of any person so adjudged to hold public office or public employment or to receive any license granted by public authority but shall be deemed a conviction only for the purposes of transfer of supervision and custody.

*Id.* § 720.35(1). As we explained in *United States v. Matthews,* the

> youthful offender provisions of the Criminal Procedure Law emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts.... The youthful offender statute was designed to act as a buffer between the first offender and the society by not labeling him as a convicted felon.

205 F.3d 544, 548 (2d Cir.2000) (citations and internal quotation marks omitted).

Although the official records related to the case once a youthful offender adjudication is made are confidential, they can be used for subsequent purposes. *See id.* at 547. A criminal defendant's record of his previous adjudication as a youthful offender may be considered, for example, in determining whether a court should in its discretion issue an order of bail, *see* N.Y.Crim. Proc. Law § 510.30(2)(a)(v), or in determining whether a youth is eligible to be found a "youthful offender" upon being accused of another crime committed while

between the ages of 16 and 19, *id.* § 720.10(2)(c).

Section 4A1.1 of the Guidelines directs a district court to add three points to a defendant's criminal history for each prior sentence of imprisonment exceeding one year and one month. But, it instructs the district court to count such a prior sentence when the underlying offense was committed prior to the defendant's eighteenth birthday "only if it resulted from an adult conviction. *See* § 4A1.2(d)." U.S.S.G. § 4A1.1, comment. (n.1). Section 4A1.2(d) provides: "(1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence." The commentary to this section explains that this subsection

> covers offenses committed prior to age eighteen. Attempting to count every juvenile adjudication would have the potential for creating large disparities due to the differential availability of records. Therefore, for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted.

*Id.,* comment. (n.7).

During the sentencing hearing, Driskell himself objected to, among other things, the inclusion of the 1988 conviction in his criminal history. He argued that it should not have been counted because he committed the crime when he was seventeen and

---

to 4 years' (48 months') imprisonment, N.Y. Penal Law § 70.00(2)-(3) (McKinney Supp. 2001), the sentence Driskell received.

**3.** Of course, if the court determines that a defendant should not be deemed a youthful offender, the court proceeds to judgment in the normal course of a typical criminal proceeding. N.Y.Crim. Proc. Law § 720.20(4).

was adjudicated a "youthful offender."[4] The District Court agreed with the government's interpretation that because a youthful offender adjudication does not operate as an expungement of a conviction under our decision in *Matthews*, it may be considered during the calculation of the defendant's criminal history points. Although Driskell was precluded from arguing that his conviction operated as an expungement by our holding in *Matthews*, he made the distinct but related argument that a conviction for an offense committed prior to age eighteen but replaced by a youthful offender adjudication, regardless if expunged or simply set aside, may not be considered at all.[5] The District Court then sentenced Driskell to a term of 80 months' imprisonment, near the bottom of the applicable Guidelines range.

Driskell timely appealed. On appeal, Driskell argues that because his prior sentence was imposed after he was adjudicated as a youthful offender, that sentence did not result from an "adult conviction," and was thus improperly included in the District Court's calculation. Because he raises a pure question of law, we review the District Court's decision *de novo*. *Matthews*, 205 F.3d at 545.

## DISCUSSION

 Essentially, the parties dispute whether the label the New York statutory scheme places on Driskell or the substance of Driskell's attempted murder trial and resulting sentence control whether he was convicted as an adult within the meaning of U.S.S.G. §§ 4A1.1 and 4A1.2(d). We hold that a district court, in calculating a defendant's criminal history pursuant to U.S.S.G. §§ 4A1.1 and 4A1.2(d), should look to the substance of the past conviction rather than the statutory term affixed to it by a state court. Accordingly, a court may consider a defendant's eligible past conviction, even when that conviction has been vacated and deemed a youthful offender adjudication under New York law, in those situations where, as here, the defendant although under age eighteen was tried in an adult court, convicted as an adult, and received and served a sentence exceeding one year and one month in an adult prison.

 The language of section 4A1.2(d)(1) is clearly satisfied by what occurred in this case. Section 4A1.2(d)(1) applies to a defendant who "was convicted as an adult and received a sentence of imprisonment exceeding one year and one month." *See, e.g., United States v. Keller*, 58 F.3d 884, 894 (2d Cir.1995) (concluding that defendant's prior conviction when he was seventeen was properly included in calculating his criminal history). The New York youthful offender statutory scheme mandates that although a defendant such as Driskell may receive the status of "eligible youth" while being tried in the normal

---

**4.** Both Driskell's counsel and the Assistant United States Attorney agreed that the case law, specifically our decision in *Matthews*, foreclosed Driskell's argument. In that decision, we held that a youthful offender adjudication, received by a defendant who was eighteen at the time of the prior offense, does not result in an expunged conviction for purposes of the Guidelines and that prior convictions, which are replaced by such adjudications, may properly be considered in calculating a defendant's criminal history. *Matthews*, 205 F.3d at 548–49. Although Driskell's counsel

did not believe that precedent supported Driskell's contention, he proceeded to assist Driskell in explaining Driskell's objection to the District Court.

**5.** In *Matthews*, by contrast, we were presented with the question whether, under the Guidelines, a defendant's youthful offender adjudication expunged his underlying conviction so that conviction could not be considered pursuant to U.S.S.G. § 4A1.2(j). 205 F.3d at 546.

course, he is not deemed a "youthful offender" until he has been convicted, and the court has, in its discretion, determined that "the interest of justice would be served by relieving the eligible youth from the onus of a criminal record." N.Y.Crim. Proc. Law § 720.20(1)(a). The statute is therefore clear that the defendant is convicted as an adult and only later may, in the court's discretion, have that conviction vacated and replaced by a youthful offender finding. *See, e.g., Capital Newspapers,* 71 N.Y.2d at 268, 519 N.E.2d at 827, 525 N.Y.S.2d at 26 ("Most significantly, youthful offender status is under the statute determined only after [a] defendant has been tried and convicted criminally...."). Moreover, as we will explain further, the youthful offender statutory scheme does not operate to relieve the defendant from all of the consequences of his criminal conduct.

In contrast to a seventeen year old who is eligible for a youthful offender finding, a person less than sixteen years old is generally not held criminally responsible for his conduct under New York law. N.Y. Penal Law § 30.00(1)-(2). New York law provides for certain exceptions to this rule in cases of serious criminal conduct. *Id.*[6] A person who is under the age of sixteen, but deemed criminally responsible under the penal law is known as a "juvenile offender." N.Y.Crim. Proc. Law § 1.20(42).[7] Unlike the criminal defendant aged sixteen years or older who may be eligible for a

youthful offender adjudication, the alleged juvenile offender may have his criminal action removed to Family Court. *Id.* § 210.43(1). Moreover, both juvenile delinquents and juvenile offenders, but not youthful offenders aged sixteen or over, are, upon a finding of guilt or delinquent conduct, committed to the custody of New York's Division for Youth. N.Y. Penal Law § 70.20(4)(a); N.Y. Fam. Ct. Act § 301.2(3) (McKinney Supp.2001). Youthful offenders aged sixteen or older are instead committed to the custody of New York's Department of Correctional Services, just as convicted adults are. N.Y. Penal Law § 70.20(1). Read in light of New York's treatment of juvenile offenders and delinquents, it seems that the youthful offender provisions are not intended to absolve a seventeen or eighteen year old offender of criminal responsibility but instead are designed to punish the offender for the crime.

Rather than eliminating the culpability of the defendant or preventing his incarceration in an adult correctional facility, the youthful offender statute addresses his potential for rehabilitation. *See Capital Newspapers,* 71 N.Y.2d at 268-69, 519 N.E.2d at 828, 525 N.Y.S.2d at 27 (noting that the "objectives of special measures for youthful offenders include rehabilitative treatment and protection from a lifetime stigma"). For example, after a youthful offender finding has been made, the statute provides certain privacy protections,

---

6. For example, a person thirteen years old is deemed criminally responsible only for acts constituting murder in the second degree (intentional or depraved indifference murder). N.Y. Penal Law § 30.00(2). A person fourteen or fifteen years of age is deemed criminally responsible for this and other particularly violent crimes, such as kidnapping in the first degree or rape in the first degree, and for some crimes involving the criminal possession of a weapon but only when such a weapon is possessed on school grounds. *Id.*

7. Those persons between the ages of seven and sixteen who, "having committed an act that would constitute a crime if committed by an adult," but are "not criminally responsible for such conduct by reason of infancy," or those who are the defendants in a criminal action removed to Family Court are known as "juvenile delinquents." N.Y. Fam. Ct. Act § 301.2(1) (McKinney Supp.2001).

namely requiring, subject to certain exceptions, that the official records and papers be sealed. N.Y.Crim. Proc. Law § 720.35(2). It also protects a youthful offender against being disqualified from holding public office or public employment or from receiving any licence granted by public authority on the basis of his adjudication. *Id.* § 720.35(1). As the New York Court of Appeals has noted, these provisions "emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals." *People v. Drayton,* 39 N.Y.2d 580, 584, 350 N.E.2d 377, 379, 385 N.Y.S.2d 1, 3 (1976). The youthful offender provisions thus provide a one-time young offender with a chance for a fresh start. A previously adjudicated youthful offender who recidivates and is then convicted, however, loses some of these protections as New York courts frequently consider his prior youthful offender adjudication at sentencing.[8] *See, e.g., Matthews,* 205 F.3d at 548 & n. 4; *People v. Vite–Acosta,* 708 N.Y.S.2d 583, 585–86, 184 Misc.2d 206 (2000) (holding that a youthful offender adjudication may be considered as a prior crime or prior offense for the purpose of determining the defendant's risk level pursuant to New York's Sex Offender Registration Act); *cf. United States v. McDonald,* 991 F.2d 866, 872 (D.C.Cir.1993) ("Setting aside a conviction may allow a youth who has slipped to regain his footing by relieving him of the social and economic disabilities associated with a criminal record. But if a juvenile offender turns into a recidivist, the case for conferring the benefit dissipates. Society's stronger interest is in punishing appropriately an unrepentant criminal.") (internal citations omitted).

■ Driskell further argues that the meaning of "convicted" under section 4A1.2(d) requires a district court to examine whether the state court entered a judgment of conviction, which he claims did not occur in his case because he received a youthful offender adjudication. *See* N.Y.Crim. Proc. Law § 720.35(1) (declaring that such an adjudication "is not a judgment of conviction for a crime or any other offense"). But the relevant Guidelines provision specifically requires that the district court determine whether the defendant was "convicted" and "received a sentence of imprisonment exceeding one year and one month," U.S.S.G. § 4A1.2(d)(1), not whether the state court has ultimately reduced its disposition to judgment or to some other term. Other provisions of section 4A1.2 make it clear that the term "conviction" attaches when the defendant's guilt has been established, not when a formal entry of judgment is made. *See, e.g.,* U.S.S.G. § 4A1.2(a)(4) ("Where a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence under § 4A1.1(c).... 'Convicted of an offense,' for the purposes of this provision, means that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere.*"). New York itself differentiates between "conviction" and "judgment." *Compare* N.Y.Crim. Proc. Law § 1.20(13) (" 'Conviction' means the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument ... or to one or more counts of such instrument."), *with id.* § 1.20(15) ("A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and

---

8. New York courts, however, do not use that adjudication as a basis for enhancing the defendant's sentence as a second felony offender. *Matthews,* 205 F.3d at 548.

entry of the sentence."). *Cf. Capital Newspapers,* 71 N.Y.2d at 271, 519 N.E.2d at 829, 525 N.Y.S.2d at 28 (rejecting an argument that a youthful offender adjudication supplants the prior felony proceeding for purposes of the privacy subdivision of the youthful offender statute; "to follow out respondents' argument would mean that if a youthful offender finding were overturned on appeal, there would no longer be any 'pending' charges for renewed prosecution") (internal citation omitted). Hence, we read "convicted" under section 4A1.2(d)(1) to mean the defendant has been either found guilty or has pled guilty to an offense and not whether the court has entered a final judgment after a finding of guilt.

As we have explained, New York's youthful offender statutory scheme is more complex than merely classifying a seventeen year old offender as something less than an adult for criminal culpability purposes. Rather than finding New York's label conclusive, we believe the better course is for a district court to examine the substance of the prior conviction at issue; to "focus on the nature of the proceedings, the sentences received, and the actual time served." *United States v. Pinion,* 4 F.3d 941, 944 (11th Cir.1993). In *United States v. Pinion,* the Eleventh Circuit affirmed both the district court's inclusion of the defendant's three prior South Carolina youthful offender convictions, all committed when he was seventeen years old, in the assessment of his criminal history points and its use of one of those convictions as a predicate offense to classify the

defendant as a career offender. *Id.* at 945. The Eleventh Circuit concluded that South Carolina's denomination of "youthful offender" was not controlling. Instead, it adopted a pragmatic approach and examined these aforementioned factors to determine the true nature of the defendant's youthful criminal conduct. *Id.*[9] Because the defendant was convicted and sentenced in an adult court to indeterminate sentences not to exceed six years, and was actually confined for 27 months, the Eleventh Circuit held that these youthful offender convictions were properly deemed "adult" convictions for Guidelines purposes and were therefore properly included in the district court's determination of the defendant's criminal history points and his classification as a career offender. *Id.* Like the Eleventh Circuit, the Ninth Circuit also probed the nature of the offense at issue rather than relied on the form of the prior sentence in issue in *United States v. Carrillo,* 991 F.2d 590 (1993). In that case, the court affirmed the district court's usage of the defendants' previous convictions for robbery, which they committed when they were seventeen years old, in determining whether they qualified as career criminal offenders pursuant to U.S.S.G. § 4B1.1. *Id.* Both defendants were tried as adults for their prior offense but were committed to the California Youth Authority for an indeterminate period that, in both cases, was scheduled to be greater than one year and one month. *Id.* at 591. Both defendants asserted that they did not receive "adult" sentences be-

---

**9.** Even though the commentary in the career offender provision of the Guidelines, a provision not at issue in this case, referred to whether the defendant's conviction was "classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted," U.S.S.G. § 4B1.2, comment. (n.3) (1991), the Eleventh Circuit concluded that the dispositive factor was how the defendant

was treated in the relevant jurisdiction. *Pinion,* 4 F.3d at 944 n. 6 ("The commentary cited . . . suggests the guidelines' willingness to accommodate a state's *treatment* of its criminals. Thus, because the guidelines do not specifically address 'youthful offender' convictions, the mere title is not dispositive without an investigation of the pragmatic effect of the proceedings.").

cause they were committed to the California Youth Authority and not to state prison. By reference to U.S.S.G. § 4A1.2(d), the Ninth Circuit found that the critical factor was whether the defendants received sentences (exceeding one year and one month) that were imposed following adult convictions. *Id.* at 593–94 ("[T]he language and the structure of the Guidelines and commentary support the government's interpretation that an 'adult sentence' is any sentence imposed pursuant to an 'adult conviction.' ").

Here, as in *Pinion* and *Carrillo*, Driskell, although seventeen, was tried and convicted in adult court, and received and served what can be thought of as an "adult" sentence. *Accord United States v. McNeil*, 90 F.3d 298, 299–300 (8th Cir. 1996); *cf. Keller*, 58 F.3d at 894 ("We think that 'adult' modifies 'sentence,' and does not refer to the defendant's age."). Driskell was sentenced to an adult prison, the Attica Correctional Facility, and served over three years in that prison. Moreover, as we explained above, because Driskell was over age sixteen when he committed the offense at issue, he was ineligible to be tried in Family Court. *See* N.Y. FAMILY CT. ACT §§ 301.2(1), 302.1. Finally, Driskell was adjudicated as a "youthful offender" only after he was convicted in an adult court and the court, at sentencing, determined that he qualified as a "youthful offender." *See* N.Y.CRIM. PROC. LAW § 720.20(1).

In so deciding, we are also applying a natural extension of our holding in *Matthews*, where we held that a youthful offender adjudication received by a defendant who was eighteen at the time of the prior offense does not result in an expunged conviction for purposes of the Guidelines and that prior convictions, which are replaced by such adjudications, may properly be considered in calculating

a defendant's criminal history. *Matthews,* 205 F.3d at 548–49. Merely because Driskell was seventeen when he committed the offense for which he was ultimately adjudicated a youthful offender does not alter our reasoning in *Matthews.* Examining the substance of the prior conviction and the resulting sentence rather than the label the relevant state chooses to place on it has the further advantage of "avoiding unwarranted sentencing disparities among defendants with similar records," but who are labeled differently depending on the jurisdiction where they committed their offense. 28 U.S.C. § 991(b)(1)(B).

We conclude therefore that the District Court properly considered Driskell's 1988 conviction in its calculation of Driskell's sentence, even though the underlying offense was committed when Driskell was seventeen and even though Driskell subsequently was adjudicated a youthful offender.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of conviction.