Yanathan HERNANDEZ, Defendant–
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 04–0695–CR.

United States Court of Appeals,
Second Circuit.

Sept. 23, 2004.

W.S. Wilson Leung, Assistant U.S. Attorney, David N. Kelley, U.S. Attorney for the Southern District of NY, Gary Stein, Assistant U.S. Attorney, for Appellee.

Peter Tilem, White Plains, NY, for Defendant–Appellant.

Present: FEINBERG, MESKILL and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant Yanathan Hernandez, raising sentencing issues, appeals from a judgment of conviction entered by the United States District Court for the Southern District of New York (Chin, *J.*). Following his plea of guilty to the charge of distributing, and possessing with intent to distribute, approximately 73 grams of crack cocaine in violation of 21 U.S.C. §§ 812 and 841, the District Court assigned him three criminal history points, rejected his contention that he was entitled to "safety valve" relief provided by the Mandatory Minimum Sentencing Reform Act of 1994, and now codified at 18 U.S.C. § 3553(f), and by U.S.S.G. § 5C1.2(a), and sentenced him principally to 120 months. Under the safety valve provision, a sentencing court must disregard statutorily mandated minimum sentences if several requirements are met, including a requirement that the defendant have no more than one criminal history point. *See* 18 U.S.C. § 3553(f).

■ The District Court concluded that Hernandez was ineligible for safety valve relief as a consequence of a prior drug conviction that resulted in a Youthful Offender Adjudication (YOA) under New York law and that it lacked discretion not to count this conviction in determining the appropriate criminal history. Familiarity with the relevant facts, procedural history and issues raised on appeal is presumed.

Hernandez raises three issues. First, he contends that the District Court erroneously concluded that it did not have the discretion, under the Federal Sentencing Guidelines and this Court's decisions in *United States v. Matthews*, 205 F.3d 544 (2d Cir.2000), and *United States v. Driskell*, 277 F.3d 150 (2d Cir.2002), to choose to omit his YOA and that he was therefore improperly deprived of safety valve relief.

We reject this contention. The Guidelines plainly require that unexpunged convictions be counted in criminal history. In *United States v. Matthews*, we held that New York's youthful offender adjudications are not considered to be "expunged sentences" under the Guidelines. Shortly thereafter, we determined that a youthful offender adjudication counts as a conviction when calculating criminal history under § 4A1.1 of the Guidelines. *United States v. Driskell*, 277 F.3d at 154–55. Section 4A1.2(d)(2)(B) directs District Court judges to "add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A)." Therefore, the District Court correctly concluded that it was required to include the youthful offender adjudication and that Hernandez was not eligible for safety valve relief.

Secondly, Hernandez claims that the government failed to present sufficient evidence to meet its burden of establishing the sentence he received for his previous conviction by a preponderance of the evidence. In particular, he points out that in his presentence report his felony was mischaracterized as a Class B felony (criminal sale of a controlled substance in the second degree) although he was actually convicted of a Class E felony (criminal facilitation). However, this argument is waived because at sentencing he conceded that the mischaracterization, had no impact on his Guideline computation. *See United States v. Rizzo,* 349 F.3d 94, 99 (2d Cir.2003) ("[I]f a defendant fails to challenge factual matters contained in the presentence report at the time of sentencing, the defendant waives the right to contest them on appeal.").

Finally, Hernandez argues that sentencing guideline U.S.S.G. § 4A1.2(j) violates due process because it requires district courts to look to state law when determining whether a sentence is expunged, resulting in disparate treatment of "similar" defendants. However, it is clearly established that "[t]o sustain a federal sentencing statute against a due process challenge, courts need only find that Congress had a rational basis for its choice of penalties." *United States v. Meskini,* 319 F.3d 88, 91 (2d Cir.2003) (internal citations and punctuation omitted, alteration in original). Since a wide variety of decisions under the Guidelines are driven by the laws of the various states, it is clear to us that looking to them when analyzing youth and juvenile offenses is rational. *See generally United States v. Driskell.*

Accordingly, the judgment of the District Court is hereby affirmed.