

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2006

# USA v. Salah

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2387

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Salah" (2006). *2006 Decisions.* Paper 853.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/853

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-2387

UNITED STATES OF AMERICA

v.

JAMAL SALAH, a/k/a SETH ADAMS,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania,
(D.C. Criminal No. 03-CR-00309-18)
District Judge: Hon. Edwin M. Kosik

Argued: March 29, 2006

Before: McKEE, BARRY and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 22, 2006 )

Joseph M. Cosgrove, Esq. (Argued)
1460 Wyoming Avenue
Forty Fort, PA 18704
Attorney for Appellant

John C. Gurganus Jr., Esq. (Argued)
Assistant United States Attorney
309 Federal Building
Scranton, PA 18501
Attorney for Appellee

McKEE, <u>Circuit Judge</u>.

Jamal Salah asks us to decide whether the District Court erred in finding that: 1) his New York state youthful offender adjudication was an eligible predicate offense for a "career offender" categorization under the Sentencing Guidelines; 2) there was sufficient proof of this adjudication to consider it as a predicate offense; and 3) it was constitutionally permissible to consider a prior conviction in the context of the Guidelines' criminal history provisions. For the reasons that follow, we will affirm.

## I.

Because we write primarily for the parties, we recite only the facts and procedural history necessary to our brief discussion. A grand jury returned a 28-count indictment charging Salah with distributing cocaine base ("crack") in violation of 21 U.S.C. § 841 (a)(1). Salah thereafter entered into a plea agreement in which he stipulated that he was involved with distribution of between 50 and 150 grams of cocaine base. The PSR that was prepared concluded that Salah had two prior convictions that would qualify him as a "career offender" under U.S.S.G. § 4B1.1, placing him into criminal history category VI under the Guidelines. The PSR calculated his total offense level as 34, but suggested a downward departure of 3 points for acceptance of responsibility. The resulting Guidelines range was a period of imprisonment of 188-235 months.

One of the convictions on which the "career offender" finding was based was a conviction for "Criminal sale of a Controlled Substance" in New York State. Salah had

2

pled guilty to that charge and had been adjudicated a "youthful offender" under New York law. PSR at 16. Salah objected to the use of that youthful offender adjudication as a predicate to classification as a career offender under the Guidelines. The District Court disagreed, and relied upon the New York disposition in sentencing Salah as a career offender following his guilty plea to the instant charges. This appeal followed. Our standard of review of the District Court's interpretation of the Guidelines is plenary. *See, e.g., United States v. Lennon*, 372 F.3d 535, 538 (3d Cir. 2004).

Salah asserts that under *United States v. Driskell,* 277 F.3d 150, 154 (2d Cir. 2002), his youthful offender adjudication can only be used as a predicate offense under the Guidelines if he was "tried in an adult court, convicted as an adult, and received and served a sentence exceeding one year and one month in an adult prison." Salah construes *Driskell* as setting forth rigid criteria applicable to any use of a youthful offender adjudication in calculating a sentence under the Guidelines. He argues that his youthful offender adjudication did not meet the *Driskell* criteria, because he did not receive a sentence "exceeding one year and one month."

Salah's reliance on *Driskell* is misplaced. There, the defendant received a 3-point enhancement under U.S.S.G. §4A1.2(d), which requires that the offender receive "a sentence of imprisonment exceeding one year and one month." Salah, on the other hand, was deemed a "career offender" under §4B1.1(a) of the Guidelines, and thus subject to a

3

different set of criteria.[1]  The language of the career offender guideline explicitly contradicts Salah's argument.[2]  We have explained that Note 1 of § 4B1.2 "dictates that the career offender inquiry examine only whether the convictions in question are adult convictions, and not what kind of sentences resulted from those convictions."  *United States v. Moorer*, 383 F.3d 164, 168 (3d Cir. 2004).

Salah further contends that it is unclear whether his youthful offender adjudication was pursuant to an "adult conviction."  However, under the New York youthful offender statute, N.Y. Crim. Proc. Law § 720.20(1)(a), an "eligible youth" is "convicted as an adult and only later may, in the court's discretion, have that conviction vacated and replaced by a youthful offender finding."  *Driskell*, 277 F.3d at 154-55.  The "youthful offender adjudication does not alter the substance of the defendant's adult conviction."  *United States v. Reinoso*, 350 F.3d 51, 54 (2d Cir. 2003).  Thus, it is beyond dispute that Salah received "an adult conviction."  Accordingly, that New York conviction was properly considered a predicate for career offender status despite the subsequent youthful offender adjudication.

---

[1]  "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G §4B1.1(a).

[2]  "For the purposes of [the career offender] guideline....'Prior felony means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and *regardless of the actual sentence imposed*."  Note 1 of the Commentary to §4B1.2 (emphasis added).

4

## II.

Salah further contends that there was insufficient evidence of his youthful offender

adjudication for the purposes of the "career offender" finding. Salah claims it was error

for the District Court to rely upon the PSR for proof of the adjudication. However, we

have explicitly rejected that argument in the past, and it is therefore foreclosed now. In

*United States v. Watkins*, 54 F.3d 163, 167-68 (3d Cir. 1995), we explained that "[i]t is

well established in this circuit, and all others, that a sentencing court may rely on the facts

set forth in the presentence report when their accuracy is not challenged by the defendant.

*See Fed. R. Crim. Proc.* 32(b)(6)(D)." Salah did not challenge any of the facts in the

PSR; thus, the District Court properly relied on them.

## III.

Finally, Salah argues that it was constitutionally impermissible for the District

Court to impose a sentence that included a career offender categorization. Salah believes

that the decision to increase a sentence on the basis of a prior conviction should be left

entirely to the discretion of the district judge, and not rooted in the Guidelines Criminal

History and Criminal Livelihood provisions. That argument is foreclosed by the Supreme

Court's decision in *United States v. Booker,* 543 U.S. 220, 259 (2005). Here, the District

Court did as *Booker* mandates. The court viewed the Guidelines "in an advisory

capacity," selected a sentence that reflected considerations of parity,  and considered

mitigating circumstances presented by Salah. *See* Sentencing Proceedings at 26. Salah

has failed to present any reason why we should disturb the District Court's determination

5

of an appropriate sentence, and we do not see anything that would undermine the District Court's thoughtful imposition of a sentence.

Accordingly, we will affirm the sentence imposed by the District Court.