434

**UNITED STATES of America,**
**Appellee,**

v.

**Amar AMANTE, Defendant–Appellant.**

**No. 06–1813–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 10, 2007.

Elie Honig, Assistant United States Attorney, (Celeste L. Koeleveld, of counsel), for Michael Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Steven A. Feldman, Feldman & Feldman, Uniondale, N.Y., for Defendant–Appellant.

Present: GUIDO CALABRESI, SONYA SOTOMAYOR, RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Defendant–Appellant Amar Amante appeals from a sentence imposed on him on February 3, 2006, by order of the United

States District Court for the Southern District of New York (Hellerstein, *J.*). We assume the parties' familiarity with the relevant procedural history, facts, and issue on appeal.

The assignment of criminal history points to offenses committed prior to age eighteen is governed by section 4A1.2(d) of the United States Sentencing Guidelines (the "Guidelines"). Under that provision, "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month," the sentencing court is directed to add three points to the defendant's criminal history score under Guidelines section 4A1.1(a). U.S.S.G. § 4A1.2(d)(1). "In any other case," the district court is directed to add fewer points: An adult or juvenile sentence to confinement of at least sixty days merits two points, so long as the defendant was released from such confinement within five years of committing the instant offense, U.S.S.G. § 4A1.2(d)(2)(A), and any other adult or juvenile sentence merits one point, so long as the sentence was imposed within five years of the defendant's commitment of the instant offense, U.S.S.G. § 4A1.2(d)(2)(B).

"Youthful offender" convictions under New York law, such as two of Amante's prior convictions, may be factored into a sentencing court's criminal history calculation. *See United States v. Matthews*, 205 F.3d 544, 549 (2d Cir.2000). Moreover, a conviction that New York state has deemed a "youthful offender" conviction may nevertheless be an "adult" conviction for purposes of Guidelines Section 4A1.2(d), depending on its "substance." *United States v. Driskell*, 277 F.3d 150, 154 (2d Cir.2002). "There is no set formula for determining the substantive consequence of the criminal proceeding underlying the youthful offender adjudication." *United States v. Jackson*, 504 F.3d 250, 253 (2d Cir.2007) (internal quotation marks omitted).

We review the sentencing court's interpretation and application of the Guidelines *de novo*. *United States v. Kilkenny*, 493 F.3d 122, 125 (2d Cir.2007). We find no error here. In each instance in which Amante was deemed a "youthful offender," he was tried and convicted of adult drug offenses, in adult court (the Bronx County Supreme Court). For each offense, he was sentenced to one to three years' imprisonment. These circumstances support the conclusion that Amante's youthful offender convictions were adult convictions for purposes of Guidelines section 4A1.2(d)(1). *See Driskell*, 277 F.3d at 157–58. And because Amante was sentenced in each of those cases to more than one year and one month in prison, the district court properly applied section 4A1.2(d)(1), rather than section § 4A1.2(d)(2); the fact that Amante's "youthful offender" sentences were imposed more than five years before Amante committed the instant offense is irrelevant.

We have considered all of the appellant's arguments and find them without merit. Accordingly, the sentence imposed by the district court is AFFIRMED.