**UNITED STATES of America,**
**Appellee,**

v.

**Hasan MITCHELL, Defendant–**
**Appellant.**

No. 08–1257–cr.

United States Court of Appeals,
Second Circuit.

April 14, 2009.

Martin R. Stolar, Zoe Dolan (of counsel), New York, NY, for Appellant.

Lev L. Dassin, Acting United States Attorney for the Southern District of New York; Sharon E. Frase, John P. Collins, Jr., Assistant United States Attorneys, of counsel, New York, NY, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, and Hon. LEWIS A. KAPLAN, District Judge.*

**SUMMARY ORDER**

The sole issue on appeal is the propriety of the district court's application of U.S.S.G. § 4A1.2(d) for the purpose of calculating defendant Hasan Mitchell's crimi-

* The Hon. Lewis A. Kaplan, of the United States District Court for the Southern District   of New York, sitting by designation.

nal history category. Mitchell argues that his youthful offender adjudications, which arose as a result of a pair of arrests when he was sixteen years old ("the 1996 offenses"), should not have been considered adult convictions within the meaning of Section 4A1.2(d). We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

At sentencing, Mitchell did not object to the Presentence Investigation Report ("PSR") insofar as it treated the 1996 offenses as having resulted in adult convictions. "[I]ssues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error. We have long stated, however, that we may sometimes review sentencing issues without full plain error analysis despite lack of objection at trial[,] although such consideration is not assured." *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir.2007) (citations, alterations, and internal quotation marks omitted). "[W]e have been more likely to avoid the full rigors of plain error analysis when the sentence was imposed without giving the appellant ... prior notice of the aspect of the sentence challenged on appeal. On the other hand, we have declined to overlook a lack of objection where the sentencing issue was not particularly novel or complex." *Id.* at 208 (citations omitted).

■ Here, the sentencing issue—whether or not to treat the youthful offender adjudications as adult convictions within the meaning of Section 4A1.2(d)—was neither novel nor complex. *See, e.g., United States v. Driskell*, 277 F.3d 150, 156–58 (2d Cir.2002). Moreover, Mitchell and his lawyer were put on notice of the issue prior to the sentencing hearing by the PSR. We therefore review the district court's application of Section 4A1.2(d) for plain error. Because we determine that plain error

analysis is appropriate under this court's existing doctrine, we need not and do not reach the question of how the Supreme Court's recent decision in *Puckett v. United States*, —— U.S. ——, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009), may affect that doctrine.

"To establish plain error, the defendant must establish (1) error (2) that is plain and (3) affects substantial rights. If the error meets these initial requirements, we then must consider whether to exercise our discretion to correct it, which is appropriate only if the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. We must also keep in mind the Supreme Court's guidance that reversal for plain error should be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *Villafuerte*, 502 F.3d at 209 (citations and internal quotation marks omitted).

■ "New York's youthful offender statutory scheme is ... complex.... Rather than finding New York's label conclusive, we believe the better course [in deciding how to apply U.S.S.G. § 4A1.2(d) ] is for a district court to examine the substance of the prior conviction at issue; to focus on the nature of the proceedings, the sentences received, and the actual time served." *Driskell*, 277 F.3d at 157 (2d Cir.2002) (internal quotation marks omitted). The district court did not engage in this analysis, apparently because Mitchell did not inform the court that the 1996 offenses had resulted in youthful offender adjudications. We conclude, nonetheless, based on our review of the record, that had the court been aware of this fact, it would have been reasonable under *Driskell* for it to treat the offenses as having resulted in adult convictions. Mitchell served more than a year and a month in an adult facility as a result of the 1996 of-

fenses. *See Driskell,* 277 F.3d at 154 (serving more than a year and a month, and doing so in an adult facility, indicate that courts can consider the adjudication to have been an adult conviction). The fact that some of Mitchell's time served was the result of parole violations does not change this analysis. *See United States v. Gayle,* 389 F.3d 406, 408–09 (2d Cir.2004). While the district court might have decided otherwise, it was not plain error for it to have treated the 1996 offenses as it did.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.