

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2009

# USA v. Morales

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3299

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Morales" (2009). *2009 Decisions.* Paper 1246.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1246

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3299

UNITED STATES OF AMERICA

v.

ANTONIO MORALES,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 4-06-cr-00427-009)
District Judge:  Honorable John E. Jones, III

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2009

Before:  RENDELL, STAPLETON and ALARCÓN*, Circuit Judges

(Filed: June 2, 2009)

OPINION OF THE COURT

*Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for
the Ninth Circuit, sitting by designation.

RENDELL, *Circuit Judge*.

Antonio Morales pled guilty to conspiracy to distribute marijuana, heroin, and cocaine on January 29, 2008. The Pre-Sentence Investigation Report ("PSR") calculated his offense level under the Sentencing Guidelines at 29 and defined him as a career offender. Morales filed a sentencing memorandum challenging his career offender status, arguing that the court should not consider his 1992 New York youthful offender adjudication for robbery and weapons possession when making the career offender calculation. The government filed a sentencing memorandum supporting Morales's career offender status and arguing that the 1992 adjudication should constitute an adult conviction. At sentencing, on July 21, 2008, the District Court classified Morales as a career offender with a criminal history category of VI, and calculated the Guideline range at 151-188 months. The court sentenced Morales to 120 months' imprisonment.

On appeal, Morales argues that the District Court abused its discretion when it determined that the 1992 robbery adjudication counted as an adult conviction, because, first, the government did not prove by a preponderance of the evidence that the adjudication was an adult conviction under §§ 4A1.2(d)(1) and 4B1.1(a) of the Guidelines, and second, he was later adjudicated a youthful offender under New York law.[1] We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. §

---

[1] Section 4B1.1(a) of the Guidelines defines career offender: "A defendant is a career offender if 1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; 2) the instant offense of conviction is a felony that is . . . a controlled substance offense; and 3) the defendant has at least two

3742(a), and we review alleged sentencing errors under an abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). We hold that the District Court was correct in counting the 1992 adjudication as an adult conviction for purposes of the career offender calculation.

Morales did not challenge the accuracy of the PSR – he acknowledges that the 1992 offenses of which he was convicted were robbery and possession of a weapon, that the offenses were committed when he was 16 years old, and that he received a 16-48 month sentence, of which he served 17 months. We have held that "a sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant." *United States v. Watkins*, 54 F.3d 163, 167-68 (3d Cir. 1995). The District Court, therefore, properly relied on the PSR to conclude that the 1992 adjudication could be treated as an adult conviction under the career offender provision of the Guidelines.

Morales also urges that under the New York youthful offender statute a defendant

---

prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. A prior felony conviction is defined as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year . . . . A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." U.S.S.G. § 4B1.2 cmt. n.1.

Section 4A1.2(d)(1) provides than an offense committed prior to age eighteen is worth three criminal history points "if the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month . . .." U.S.S.G. § 4A1.2(d)(1).

3

who is an eligible "youth" (at least 16 years old but less than 19 years old when the alleged crime was committed) can have his conviction vacated. After the defendant has been tried and convicted, the court has the discretion to vacate that adult conviction and replace it with a youthful offender finding. *See* N.Y. Crim. Proc. Law § 720.10, 720.20(1)(a). Morales's 1992 conviction was replaced with a youthful offender adjudication.

In *United States v. Driskell*, 277 F.3d 150, 154-55 (2d Cir. 2002), a case with facts very similar to this one, the United States Court of Appeals for the Second Circuit held that when a district court calculates a defendant's criminal history under the Guidelines, it may consider a defendant's eligible past conviction, even when that conviction has been vacated and deemed a youthful offender adjudication under New York law. The court said that § 4A1.2(d)(1) was satisfied because the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month. Even though the defendant's conviction was subsequently vacated and replaced by a youthful offender adjudication, the court said that the district court properly considered that conviction in calculating his sentence. *Id.* at 158.

Here, Morales is in a similar situation: as a youth in New York, he was convicted of robbery as an adult and received a sentence of imprisonment exceeding one year and one month. While *Driskell* does not control our decision here, its reasoning that an adult conviction is a conviction for sentencing purposes, even if it is later replaced by a youthful offender adjudication, is persuasive. The Guidelines say that a conviction for an

4

offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted. U.S.S.G. § 4B1.2 cmt. n.1. New York considers Morales's 1992 robbery conviction an adult conviction. Therefore, under the Guidelines, the District Court properly considered it for purposes of calculating Morales's criminal history and career offender status. The District Court did not err in holding that the 1992 New York robbery conviction was a predicate for career offender status and properly assessed three criminal history points.

For the reasons set forth above, we will AFFIRM the Order of the District Court.