**UNITED STATES of America,**
**Appellee,**

v.

**Miguel ORLANDO–MENA, also known as Miguel Mena, also known as Noel Mena, Defendant–Appellant.**

No. 08–5178–cr.

United States Court of Appeals, Second Circuit.

Oct. 1, 2009.

Rebecca A. Rohr, Esq., U.S. Attorney's Office Southern District of New York, for Appellee.

Stephanie M. Carvlin, Esq., Law Offices of Stephanie M. Carvlin, New York, NY, for Defendant–Appellant.

Present: WALKER, ROBERT A. KATZMANN, and JANE R. ROTH,[1]

1. The Honorable Jane R. Roth of the United    States Court of Appeals for the Third Circuit,

## SUMMARY ORDER

Defendant–Appellant Miguel Orlando–Mena appeals from a judgment of the district court (Cote, *J.*) entered October 21, 2008, sentencing him principally to fifty-seven months' imprisonment. Orlando–Mena argues that the district court improperly included a prior Florida youthful offender adjudication in calculating his base offense level and criminal history category points. We assume the parties' familiarity with the facts and procedural history of the case.

The decision to include a youthful offender adjudication in a Sentencing Guidelines calculation is a question of law that we review *de novo*. *See United States v. Matthews*, 205 F.3d 544, 545 (2d Cir.2000). Section 2L1.2 of the Sentencing Guidelines provides that the offense level for illegal reentry be increased by sixteen levels if the defendant was previously deported after "a conviction for a felony that is … a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The test for whether a youthful offender adjudication qualifies as a "conviction" for purposes of the Sentencing Guidelines was set forth in *United States v. Driskell*, 277 F.3d 150 (2d Cir. 2002), and specifically applied to § 2L1.2 in *United States v. Reinoso*, 350 F.3d 51, 54 (2d Cir.2003).[2] Under this framework, courts look to the "substance of the past conviction rather than the statutory term affixed to it by the state court," *Driskell*, 277 F.3d at 154, specifically considering "the nature of [the] prior proceeding, the sentence received and actually served, and

where the defendant was incarcerated." *Id.* at 151.

In this case, it is undisputed that Orlando–Mena was prosecuted as an adult in adult court in Florida. He was sentenced to four years' incarceration and two years' Community Control, and he served more than two years of his four year sentence. Nonetheless, he argues that his youthful offender adjudication does not qualify as a "conviction" under § 2L1.2 because, under Florida law, youthful offenders are required to be housed at separate institutions. Even assuming Orlando–Mena actually served his sentence in a youthful offender facility,[3] however, that one factor is not dispositive. Because Orlando–Mena was prosecuted as an adult in adult court, and was sentenced to, and served, a substantial period of incarceration, we conclude that in substance the adjudication was a conviction for purposes of § 2L1.2. *See Driskell*, 277 F.3d at 157–58 (citing with approval a Ninth Circuit decision in which that court found two defendants had received adult sentences imposed pursuant to adult convictions for purposes of the Guidelines even though they had been committed to the California Youth Authority and not to state prison); *United States v. Jackson*, 504 F.3d 250, 253 (2d Cir.2007) (per curiam) (concluding that the youthful offender adjudication was a prior conviction for a felony drug offense under 21 U.S.C. § 841(b) even though the record did not indicate whether defendant had served his youthful offender sentence in an adult institution).

---

sitting by designation.

**2.** Orlando–Mena specifically disclaims reliance on U.S.S.G. § 2L1.2, Application Note 1(A)(iv), which provides that an offense committed before a defendant turned eighteen may not be used to enhance the base offense level "unless such conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was con-

victed," because he was over eighteen at the time he committed the crimes in question here.

**3.** Orlando–Mena does not argue that he was actually housed at such a facility. Indeed, the record does not indicate where Orlando–Mena served his sentence.

As to the criminal history category, under U.S.S.G. § 4A1.2(a)(1), a "prior sentence" means "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*." In this case, it is undisputed that Orlando–Mena was sentenced to four years' incarceration. However, a "sentence imposed for an offense committed prior to the defendant's eighteenth birthday" is only counted if it "resulted from an adult conviction." *Id.* § 4A1.1, Application Note 1. There is no need to consider whether Orlando–Mena's sentence resulted from an adult conviction, because he committed the offense in question when he was eighteen years old. Orlando–Mena's citation to *Driskell* in this regard is inapposite, because in that case the defendant committed the offense in question when he was seventeen years old. *See* 277 F.3d at 151–52. Moreover, even if *Driskell* required us to perform the analysis discussed above for the criminal history calculation as well, the result would be no different from the one we reached with regards to § 2L1.2. *See Reinoso*, 350 F.3d at 55 ("[T]here is no basis for distinguishing between the criminal history calculation and the base offense level calculation in applying *Driskell's* conception of youthful offender status.").

We have considered all of Orlando–Mena's other arguments and find them without merit. Therefore, for the foregoing reasons, the judgment of the district court is AFFIRMED.