10-2303-cr
United States v. Sharpe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of May, two thousand eleven.

PRESENT:   AMALYA L. KEARSE,
           GERARD E. LYNCH,
           J. CLIFFORD WALLACE,
                     *Circuit Judges*.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
                     *Appellee*,

              v.                                      No. 10-2303-cr

ANTOINE SHARPE,
                     *Defendant-Appellant.*

---------------------------------------------------------------------

FOR APPELLANT:        John S. Wallenstein, Garden City, New York.

FOR APPELLEE:         David C. Woll, Jr., Assistant United States Attorney (Peter A. Norling, *on the brief*) *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, New York.

---

\* The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant Antoine Sharpe pled guilty in the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*) to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Sharpe to fifty-seven months in prison followed by a three-year term of supervised release and a $100 special assessment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Sharpe's primary argument on appeal is that the government breached the plea agreement by advocating a longer prison sentence than the United States Sentencing Guidelines estimate set out in that document, commonly known as a "Pimentel estimate." See United States v. Pimentel, 932 F.2d 1029 (2d Cir. 1991). However, the Pre-Sentence Report revealed that the Pimentel estimate accounted for only one of Sharpe's two prior felony convictions. Factoring both convictions into the guidelines calculation resulted in a base offense level of 24, rather than the base offense level of 20 estimated in the plea agreement. Sharpe does not challenge the government's assertion that it first learned of the second felony conviction, a 2005 New York State Youthful Offender adjudication, after the plea agreement had been concluded. He nevertheless contends that he is "entitled to the benefit of [his] bargain" with the government and should therefore be resentenced based on the 27-33 month guidelines range reflected in the Pimentel estimate.

2

The district court rejected this argument, correctly concluding that the government was not bound by the <u>Pimentel</u> estimate.

"We review interpretations of plea agreements *de novo* and in accordance with principles of contract law." <u>United States v. Riera</u>, 298 F.3d 128, 133 (2d Cir. 2002). To determine whether a plea agreement has been breached, we "look[] to the reasonable understanding of the parties as to the terms of the agreement." <u>United States v. Colon</u>, 220 F.3d 48, 51 (2d Cir. 2000). Applying these rules to the plea agreement in this case, we have no difficulty concluding that the government was within its rights to advocate for a base offense level that was higher than the one used to arrive at the <u>Pimentel</u> estimate. The agreement explicitly provides that "[i]f the Guidelines offense level advocated by the [U.S. Attorney's] Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement."

Any lingering doubt Sharpe might have had as to the significance of the <u>Pimentel</u> estimate was necessarily dispelled during his plea colloquy with the district court. Judge Ross warned Sharpe that the guidelines range referred to in the plea agreement "may or may not be right" and that "[i]t could turn out that the advisory sentencing guidelines are higher than what's in the plea agreement." Moments later, the judge again reminded Sharpe that the estimate "could be wrong" and that, "if that were to happen, you wouldn't be permitted to withdraw your guilty plea simply because no one could tell you in advance what your sentence would be." Each time Sharpe affirmed that he understood

3

these warnings. The record is thus clear that the plea agreement did not bind the government to advocate a sentence within the <u>Pimpentel</u> range and that Sharpe was well aware of this fact at the time he entered his guilty plea.

Sharpe next argues that the sentencing court should not have considered his 2005 Youthful Offender conviction for the purposes of calculating his criminal history score. Citing <u>United States v. Driskell</u>, 277 F.3d 150 (2d Cir. 2002), Sharpe contends that a Youthful Offender adjudication may factor into the criminal history calculation only if it results in a prison sentence of one year or more. Sharpe's conviction in 2005 initially resulted in a sentence of five years' probation. Although the government disputes Sharpe's characterization of our holding in <u>Driskell</u>, we need not resolve this disagreement, because Sharpe's argument fails even on its own terms. As the government notes, Sharpe violated the terms of his probation by committing attempted robbery in 2006. As a result, he was resentenced on the 2005 conviction to a one-year term of imprisonment to run concurrently with his sentence for the 2006 crime. Although Sharpe acknolwedges the resentencing, he maintains that the district court was required to look to the original sentence, because the prison term was imposed "for the violation of Probation, *not for the original crime*" (emphasis in the original). As we have recently noted, however, "[i]n the case of revocation of probation, the Sentencing Guidelines instruct a district court to 'add the original term of imprisonment to any term of imprisonment imposed upon revocation,' and 'the resulting total is used to compute the criminal history points.'" <u>United States v. Conca</u>, 635 F.3d 55, 65 (2d Cir. 2011)

4

(alteration omitted), quoting U.S.S.G. § 4A1.2(k)(1). Accordingly, the district court did not err in calculating Sharpe's criminal history score.

Sharpe's final argument, that his prison sentence was substantively unreasonable, is similarly unpersuasive. We will uphold a sentence as substantively reasonable unless "the trial court's sentence cannot be located within the range of permissible decisions." United States v. Dorvee, 616 F.3d 174, 179 (2d Cir. 2010) (internal quotation marks omitted). In considering the factors set out in 18 U.S.C. § 3553(a), the district court found that Sharpe was significantly likely to re-offend given that he had been convicted of two violent felonies before the age of nineteen and had been arrested for possession of a handgun shortly after completing a two-year prison sentence for those crimes. In light of this finding, the fifty-seven-month sentence imposed by the district court, which was at the bottom of the applicable guidelines range, was well within the bounds of reasonableness.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT
CATHERINE O'HAGAN WOLFE, CLERK.