# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**763**

**KA 08-01130**

PRESENT: SMITH, J.P., CENTRA, FAHEY, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT A. CRAWFORD, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered February 21, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31). Because defendant did not contend at the time of sentencing that he was entitled to an adjudication of his youthful offender status, he waived his present contention that County Court erred in failing to state on the record at sentencing whether he was eligible for such status (*see People v McGowen*, 42 NY2d 905, *rearg denied* 42 NY2d 1015; *People v Cunningham*, 238 AD2d 350, *lv denied* 90 NY2d 857; *see generally* CPL 720.20 [1]). In addition, defendant failed to preserve for our review his contention that the court's failure to adjudicate him a youthful offender constitutes an abuse of discretion "inasmuch as he failed to seek that status either at the time of the plea proceedings or at sentencing" (*People v Fowler*, 28 AD3d 1183, 1184, *lv denied* 7 NY3d 788), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We also decline to grant defendant's request to exercise our interest of justice jurisdiction to afford him such status (*see People v Jock*, 68 AD3d 1816, *lv denied* 14 NY3d 801).

Entered: June 10, 2011                              Patricia L. Morgan
                                                    Clerk of the Court