05-5928-cr
United States v. Kashawn Jackson

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2007

(Argued: Sept. 20, 2007)                    Decided: October 5, 2007)

Docket No. 05-5928-cr

UNITED STATES OF AMERICA,

*Appellee*,

v.

KASHAWN JACKSON,

*Defendant-Appellant.*

Before MINER and CABRANES, *Circuit Judges*, and CROTTY,[1] *District Judge*.

The United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*) sentenced defendant to ten-years' imprisonment upon determining that his 2001 youthful offender adjudication constituted a "prior conviction for a felony drug offense" for purposes of 21 U.S.C. § 841(b)(1)(B). On appeal, defendant contends, *inter alia*, that it was improper for the District Court to draw this conclusion without undertaking any fact-finding as to whether he served his youthful offender sentence in a juvenile or adult facility. We hold that our precedent does not require a district court, when deciding whether or not a prior conviction triggers the mandatory minimum provision of 21 U.S.C. § 841(b)(1)(B), to consider the nature of the facility in which the defendant served his prior sentence.

AFFIRMED.

> Sally Wasserman, New York, NY, for Defendant-Appellant.
> Emily Berger, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, *on the brief*; Susan Corkery, Assistant United States Attorney, *of counsel*), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PER CURIAM:

---

[1] The Honorable Paul A. Crotty of the United States District Court for the Southern District of New York, sitting by designation.

Defendant-appellant Kashawn Jackson ("Jackson") appeals the October 26, 2005 judgment of conviction entered against him and the sentence imposed upon him by the United States District Court for the Eastern District of New York (Thomas C. Platt, Judge), which sentenced him as a prior felon to a term of ten years. Jackson argues that the District Court erred in concluding that his New York youthful offender adjudication was "a prior conviction for a felony drug offense [that] has become final" within the meaning of 21 U.S.C. § 841(b)(1)(B) and thereby subjecting him to a ten-year mandatory minimum sentence. Jackson contends that in reaching this conclusion the District Court failed to consider whether he served his youthful offender sentence in a juvenile or adult facility as allegedly required by our holding in *United States. v. Sampson*, 385 F.3d 183, 195 (2d Cir. 2004). We hold that our precedent does not require a district court to consider, when deciding whether or not a prior conviction triggers the mandatory minimum provisions of 21 U.S.C. § 841(b)(1)(A)–(B), in what type of facility the defendant served his prior sentence. We affirm.

On May 9, 2005, Jackson pleaded guilty to a single-count indictment charging him with possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Before the plea, the government had filed an information pursuant to 21 U.S.C. § 851(a), notifying the court that Jackson had been convicted by the Nassau County Court in 2001 of a Class D felony: criminal sale of a controlled substance in the fifth degree. Prior to the imposition of six months' imprisonment, Jackson was adjudicated a youthful offender. This required the state court to "direct that the conviction be deemed vacated and replaced by a youthful offender finding." N.Y. Crim. Proc. Law ("CPL") § 720.20(3).[2] The consequences of that conviction and the youthful offender status were discussed at length during the May 9, 2005 hearing before the District Court.

At his October 21, 2005 sentencing, Jackson again questioned whether his youthful offender conviction should constitute a prior felony. His chief contention at that time was that

---

[2] Under New York law, a 16-to-18 year-old offender, convicted as an adult, may be adjudicated a youthful offender, thereby vacating and replacing his conviction with a youthful offender finding. CPL §§ 720.10(1)-(2), 720.20(1)-(3); *see also United States v. Jones*, 415 F.3d 256, 260 (2d Cir. 2005). Youthful offender status affords the defendant certain benefits, such as privacy protections. CPL § 720.35(2); *see United States v. Driskell*, 277 F.3d 150, 155-56 (2d Cir. 2002). Youthful offender adjudication is "meant to provide a second chance," *Sampson*, 385 F.3d at 195 (2d Cir. 2004) (quotation omitted), and recognizes the young defendant's "potential for rehabilitation," *Driskell*, 277 F.3d at 155. However, youthful offender findings do not excuse recidivists from enhanced sentencing in the federal courts merely because their prior offenses are not deemed "convictions" under state law. *Sampson*, 385 F.3d at 195. We have held that district courts may consider youthful offender adjudications as predicate prior felony convictions for the imposition of increased sentences under sections of the United States Sentencing Guidelines and other statutes. *See Jones*, 415 F.3d at 262-64 (allowing the use of youthful offender adjudication to calculate base offense level under U.S.S.G. §§ 4B1.1); *United States v. Cuello*, 357 F.3d 162, 168-69 (2d Cir. 2004) (same under U.S.S.G. § 2K2.1(a)); *United States v. Reinoso*, 350 F.3d 51, 53-55 (2d Cir. 2003) (same under U.S.S.G. § 2L1.2); *Driskell*, 277 F.3d at 154-58 (to calculate criminal history category under U.S.S.G. § 4A1.1); *United States v. Matthews*, 205 F.3d 544, 548-49 (2d Cir. 2000) (same); *see also Sampson*, 385 F.3d at 195 (to establish prior "felony drug offense" pursuant to 28 U.S.C. § 841(b)).

the District Court had discretion to choose not to use a youthful offender conviction as the basis for a sentencing enhancement pursuant to 21 U.S.C. § 841(b)(1)(B). The court concluded that it lacked such discretion and imposed the mandatory minimum sentence of ten years.

Jackson now argues that this court's holding in *Sampson* mandated a six-factor test that a sentencing court must apply in evaluating whether a New York youthful offender adjudication qualifies as a prior final conviction under Section 841(b)(1). He contends that the District Court failed to make a finding of fact with regard to one of those factors, the type of facility in which Jackson was incarcerated, and therefore erred in applying the mandatory minimum. We review this determination *de novo*. *See, e.g.*, *United States v. Lewis*, 386 F.3d 475, 479 (2d Cir. 2004).

The issue is whether a prior conviction that is "replaced by a youthful offender finding," CPL § 720.20(3), qualifies as a "felony drug offense." 21 U.S.C. § 841(b). A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

In *Sampson*, we considered whether a conviction replaced by a youthful offender adjudication could ever qualify as a "final" felony drug conviction under Section 841(b)(1). 385 F.3d at 194-95. We held that the district court appropriately used the defendant's prior conviction, notwithstanding his youthful offender adjudication, to increase the defendant's statutory mandatory minimum, because:

> as a result of the criminal conduct underlying [defendant's] youthful offender adjudication, he was [i] tried and convicted [ii] in an adult court [iii] of adult drug "offense[s] . . . [iv] punishable by imprisonment for more than one year," 21 U.S.C. § 802(44); [v] he served his sentence in an adult institution; and [vi] no avenue for direct appeal exists.

*Sampson*, 385 F.3d at 195. Based on these facts, we concluded that the youthful offender adjudication was indeed a prior felony drug conviction. *Id.*

At no time in our holding did we suggest that a district court *must* make a finding of fact on the issue of where a defendant served his youthful offender sentence. Instead, we merely recited one of the many circumstances that supported the determination in that case that the defendant's adjudication was indeed a prior final conviction under Section 841(b)(1). *Id.* There is no set formula for determining "the substantive consequence of the criminal proceeding underlying the youthful offender adjudication." *Jones*, 415 F.3d at 264; *see Driskell*, 277 F.3d at 157. The determination is a function of many variables, no single one of which is dispositive.

The record in this case does not indicate whether Jackson served his sentence in an adult institution. That does not keep us from reaching the logical conclusion that Jackson's youthful

offender adjudication is a prior "felony drug offense" within Section 841(b). The record demonstrates that Jackson was [1] tried and convicted [2] in an adult court [3] of adult drug offenses [4] punishable by imprisonment for more than one year. N.Y. Penal Law § 70.00(2)(d) (Class D felony is punishable up to seven years).

Moreover, even had this been a close call, in which the location of Jackson's time served might tip the scales one way or the other, Jackson would not be entitled to vacatur of his sentence and a remand for resentencing. Jackson failed to present any evidence to the District Court as to where he served his youthful offender sentence, even though he had multiple opportunities and was best-situated to do so. Instead, Jackson left it to conjecture and argument, even though he was tried and convicted in an *adult* court. If Jackson had served his sentence in a juvenile facility, he had every incentive to offer evidence of this fact to the District Court. As we have noted previously, New York commits its youthful offenders to the custody of the Department of Correctional Services along with adult felony offenders. *See Cuello*, 357 F.3d at 166 (citing N.Y. Penal Law §§ 70.20, 60.02(2), 70.00(2)(e)).

We have considered Jackson's other arguments about the violation of his privacy rights and the use of an earlier plea on which there had been no sentence. We have also considered his *pro se* arguments. They are without merit.

CONCLUSION

We affirm the judgment of conviction and ten-year mandatory minimum sentence entered in the District Court.