**UNITED STATES of America,**
**Appellee,**

v.

**Jeffrey GRAY, Willie Wright, Eric**
**Vargas, Aaron Robinson,**
**Defendants,**

**Jonas Nelson, Defendant–Appellant.**

**No. 06–4983–cr.**

United States Court of Appeals,
Second Circuit.

March 5, 2008.

James N. Tallberg, Karsten, Dorman & Tallberg, New Haven, CT, for Appellant.

Edward Kang, Assistant United States Attorney, (Kevin J. O'Connor, United States Attorney, William J. Nardini, Assistant United States Attorney, Of Counsel), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Jonas Nelson appeals from a judgment of conviction and sentence following a guilty plea to possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Nelson was sentenced principally to a term of 60 months and one day of imprisonment. On appeal, Nelson argues that District Court erred in concluding that he was ineligible for "safety valve" relief because the Court added criminal history points associated with his prior youthful offender adjudication. We assume the parties' familiarity with the facts and procedural history of the case.

We review a District Court's interpretation of the Sentencing Guidelines *de novo* and its factual findings for clear error. *See, e.g., United States v. Roberts,* 442 F.3d 128, 129 (2d Cir.2006).

Pursuant to the "safety valve" provision, 18 U.S.C. § 3553(f), a district court may impose a sentence below the statutory mandatory minimum sentence in certain cases. *See also* U.S.S.G. § 5C1.2 (incorporating Section 3553(f) into the Guidelines). A defendant is eligible for "safety valve" relief only if he "does not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1). Here, the District Court assigned defendant three criminal history points, one point for a prior sentence arising from a youthful offender adjudication within five years of the instant offense, *see* U.S.S.G. §§ 4A1.1(c) and 4A1.2(d)(2)(B); and two points for committing the instant offense while serving the prior criminal sentence, *see* U.S.S.G. § 4A1.1(d).

We conclude that the District Court properly considered defendant's youthful offender adjudication as a prior sentence for purposes of calculating his criminal history points. "We have held that district courts may consider youthful offender adjudications as predicate prior felony convictions for the imposition of increased sentences under sections of the United States Sentencing Guidelines." *United*

*States v. Jackson,* 504 F.3d 250, 252, n. 3 (2d Cir.2007) (collecting cases). In particular, we have held that it is appropriate for courts to consider prior youthful offender adjudication in calculating criminal history points pursuant to U.S.S.G. §§ 4A1.1 and 4A1.2, the provisions the District Court considered here. *See, e.g., United States v. Matthews,* 205 F.3d 544, 546 (2d Cir. 2000); *United States v. Driskell,* 277 F.3d 150, 151 (2d Cir.2002). Accordingly, the District Court did not err in concluding that, on the basis of the criminal history points assigned to his youthful offender adjudication, Nelson was not eligible for safety valve relief.

The judgment of the District Court is **AFFIRMED.**