# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued December 9, 2010         Decided June 7, 2011

No. 09-3077

UNITED STATES OF AMERICA,
APPELLEE

v.

AARON BRUNS,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cr-00100)

*Roman Martinez*, former Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was *A. J. Kramer*, Federal Public Defender. *Neil H. Jaffee*, Assistant Federal Public Defender, entered an appearance.

*Nicholas P. Coleman*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Elizabeth Trosman* and *Patricia Z. Stewart*, Assistant U.S. Attorneys. *Roy W. McLeese III*, Assistant U.S. Attorney, entered an appearance.

Before: SENTELLE, *Chief Judge*, HENDERSON, *Circuit Judge*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*:   A conviction for possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) typically carries a maximum sentence of ten years' imprisonment.  18 U.S.C. § 2252A(b)(2).  But if the defendant "has a prior conviction . . . under the laws of any State relating to . . . child pornography," the statute requires a ten-year minimum sentence.  *Ibid.*[1]   The question in this appeal is

_____

[1] 18 U.S.C. § 2252A(a)(5)(B) provides:

> Any person who * * * knowingly possesses . . . any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer * * * shall be punished as provided by subsection (b).

Subsection (b)(2) states:

> Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt,

whether Aaron Bruns had such a "prior conviction" under the laws of the State of Michigan.

In 1999, Bruns, then nineteen years old, pled guilty in a Michigan state court to distributing child pornography via the Internet, a felony under Michigan law. The court accepted his guilty plea, "assigned [him] to youthful trainee status" pursuant to the Michigan Holmes Youthful Trainee Act, MICH. COMP. LAWS §§ 762.11–.15, and imposed a sentence of three years' probation. Two years later, the court granted Bruns an early discharge and dismissed his case.

In 2009, in the United States District Court for the District of Columbia, Bruns pled guilty to a one-count information charging him with possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). In light of the Michigan proceeding, the district court sentenced Bruns to ten years' imprisonment. The court stated that it would have imposed a lesser sentence but for the statute's mandatory minimum.

The Michigan Holmes Act applies to persons who commit a criminal offense between the ages of seventeen and twenty-one. The Act authorizes Michigan courts to "assign" an individual to youthful trainee status and sentence him "without entering a judgment of conviction" if the individual pleads guilty to an offense other than those the Act exempts. MICH. COMP. LAWS § 762.11. Under the Act, an assignment to youthful trainee status "is not a conviction for a crime" and the individual "shall not suffer a civil disability or loss of right or privilege" because of it. *Id.* § 762.14(2). If the individual

---

mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

successfully completes his sentence, the court dismisses the case. *Id.* § 762.14(1).

This description of the Michigan Holmes Act seems—and we emphasize "seems"—to indicate that the disposition of Bruns' guilty plea in the Michigan court was not a state-law conviction. The district court nevertheless treated it as a conviction for purposes of federal sentencing. The court relied on the holding of *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103 (1983), *superseded by statute*, Firearms Owners' Protection Act, P.L. 99-308, § 101, 100 Stat. 449, 449-51 (1986), that the meaning of "convicted in any court" as used in federal gun-control legislation did not depend on what constituted a conviction under state law. Absent a "plain indication to the contrary," the Court assumed that Congress would not make the application of the federal law turn on the "vagaries of state law." *Id.* at 117, 119. "[F]or purposes of the federal gun control laws, we equate a plea of guilty and its notation by the state court, followed by a sentence of probation, with being 'convicted.'" *Id.* at 114. An individual who pled guilty in state court was therefore not eligible for a federal license to sell firearms even though the state court later expunged the record of the proceedings. *Id.* at 105.

Bruns points out the difference between the statutory language in *Dickerson*—"convicted in any court"—and the language of the child pornography statute—"has a prior conviction . . . under the laws of any State relating to . . . child pornography." The reference to state law in 18 U.S.C. § 2252A(b)(2), he says, signifies that Congress intended state law to determine whether a person has a prior conviction. We shall assume, without deciding, that Bruns is correct.

As Bruns emphasizes, the Michigan Holmes Act provides that assignment to youthful trainee status is "not a conviction for

a crime" and does not result in a civil disability. MICH. COMP. LAWS § 762.14(2). But another provision of Michigan law treats such an assignment as a conviction when the defendant is sentenced for committing a later offense.

For the vast majority of felony convictions under Michigan law, the courts apply the Michigan sentencing guidelines to determine the defendant's minimum sentence. *Id.* §§ 777.1–.69. Like their federal counterparts, the Michigan guidelines take into account the class of the offense, the specific characteristics of its commission and the defendant's criminal history to determine a sentencing range. *Id.* § 777.21. Absent a "substantial and compelling reason," the sentencing judge must impose a minimum sentence within that range. *Id.* § 769.34(2)-(3).[2]

With respect to a defendant's criminal history, the guidelines define a series of "prior record variables" based on the number and severity of a defendant's previous "convictions." *Id.* §§ 777.50-.55. For scoring these variables, the guidelines state that "'[c]onviction' includes . . . [a]ssignment to youthful trainee status" pursuant to the Holmes Act. *Id.* § 777.50(4)(a)(*i*). We believe this provision, dealing directly with sentencing in light of prior offenses, is the controlling state-law definition of conviction, rather than the more general provision of the Holmes Act.

In supplemental briefing, Bruns argues that the guidelines provision would not "transform prior HYTA adjudications into

---

[2] Michigan employs an indeterminate sentencing system. The judge sentences a defendant to both a minimum and a maximum sentence. MICH. COMP. LAWS §§ 769.8-.9. A defendant's maximum sentence in Michigan is typically set by statute, and his actual time served is determined by the state parole board. *See People v. Drohan*, 715 N.W.2d 778, 789-91 (Mich. 2006).

'convictions' for all purposes under Michigan law." Def.'s Supp. Br. 5. But we are not concerned with all purposes. The question is whether Bruns had a prior conviction under state law for the purpose of determining Bruns' minimum sentence. The Michigan courts would answer that question affirmatively in light of § 777.50(4)(a)(*i*), as the Sixth Circuit recognized in *Adams v. United States*, 622 F.3d 608, 612 (6th Cir. 2010). *See People v. Jackson*, 2008 WL 2037805, at \*5 (Mich. Ct. App. May 13, 2008).

The other state laws to which Bruns directs our attention have no bearing on the question. Bruns pled guilty to possession of child pornography—a felony subject to the sentencing guidelines in Michigan, MICH. COMP. LAWS § 777.16g(1). That these guidelines may not apply to the state-law crimes of first-degree murder or treason does not matter. Section 2252A(b)(2) does not apply to sentencing for those crimes either. Whether Michigan's habitual offender laws, MICH. COMP. LAWS §§ 769.10-.12, would treat Bruns' assignment as a conviction for determining Bruns' maximum sentence is also immaterial. We are concerned with Bruns' minimum federal sentence.

For the first time in his supplemental reply brief, Bruns contends that use of the present tense in § 2252A(b)(2)—"'*has*' a prior state 'conviction'"—forecloses any inquiry into whether he "*would have* a prior conviction if, hypothetically, he were instead being sentenced in state court." Supp. Reply Br. 3. Ordinarily, we do not address an argument first offered in a reply brief. *See Rollins Envtl. Servs. v. EPA*, 937 F.2d 649, 653 n.2 (D.C. Cir. 1991); *Gen. Elec. Co. v. Jackson*, 610 F.3d 110, 123 (D.C. Cir. 2010). But even if this argument were not waived, it is unconvincing. Whether Bruns "*has*" a prior conviction is a legal question. *See Dickerson*, 460 U.S. at 111-12. Michigan law defines "conviction" differently for different

purposes.[3] If state law governs whether Bruns had a "conviction" within the meaning of § 2252A(b)(2), we must determine if Michigan law would treat his Holmes Act assignment as a prior conviction in sentencing proceedings for a later offense. *Cf. United States v. Jefferson*, 88 F.3d 240, 245 (3d Cir. 1996). And that is precisely what we are seeking to determine.

The bottom line is this: If Bruns had been convicted in state court of the conduct for which he was sentenced in federal court, his assignment under the Michigan Holmes Act would have been treated as a "conviction" for determining his minimum sentence. It follows that even if Michigan law determined his minimum federal sentence, Bruns had a prior conviction under Michigan law relating to child pornography.[4] The district court therefore properly imposed the ten-year mandatory minimum sentence pursuant to 18 U.S.C. § 2252A(b)(2).

*Affirmed.*

---

[3] For example, assignment to youthful trainee status pursuant to the Holmes Act before October 1, 2004, is a conviction for the purposes of Michigan's Sex Offenders Registration Act. MICH. COMP. LAWS § 28.722.

[4] The Michigan sentencing statute instructs courts to ignore convictions that precede a period of ten years or more between the defendant's discharge date from the prior conviction and his commission of another offense. MICH. COMP. LAWS § 777.50(1). The statute does not say, however, that an assignment to youthful trainee status is any less a "conviction" if it was beyond the ten-year period. In any event, Bruns pled guilty to possessing child pornography on or about January 23, 2009. He was discharged from probation for his Michigan offense in 2001.