11-1296-cr
United States v. Francis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand twelve.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           DENNY CHIN,
                *Circuit Judges.*

--------------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                *Appellee*,

      v.                                    No. 11-1296-cr

ADREAN FRANCIS,
                *Defendant-Appellant*.
--------------------------------------------------------------------------------

FOR APPELLANT:        B. Alan Seidler, Esq., New York, New York.

FOR APPELLEE:         John T. Zach, Julian J. Moore, Andrew L. Fish, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 25, 2011, is AFFIRMED.

Defendant Adrean Francis appeals from a judgment of conviction sentencing him principally to consecutive terms of 240 months' imprisonment for conspiracy to possess with intent to distribute 1,000 kilograms of marijuana, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846, and 60 months' imprisonment for possession of a firearm in furtherance of the marijuana conspiracy, see 18 U.S.C. § 924(c)(1)(A). On appeal, Francis challenges (1) the sufficiency of the evidence supporting his firearm conviction; (2) the district court's enhancement of his mandatory minimum punishment under 21 U.S.C. § 841(b)(1)(A) based on his prior youthful offender adjudication under New York law; and (3) the reasonableness of his sentence. Francis also contends (4) that his attorney was constitutionally ineffective for failing to challenge the mandatory minimum enhancement at sentencing. We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Sufficiency

We review Francis's sufficiency challenge de novo, viewing the evidence in the light most favorable to the verdict, and we will reverse only if no reasonable jury could have found Francis guilty beyond a reasonable doubt. See United States v. Coppola, 671 F.3d 220, 233 (2d Cir. 2012). As Francis acknowledges, he "bears a heavy burden" in mounting this sufficiency challenge. Appellant's Br. 30; see United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011). He cannot sustain that burden on this record.

Four cooperating witnesses testified against Francis at trial, describing his involvement in a scheme to transport large quantities of marijuana to New York, package

2

those drugs for resale, and ultimately sell them to others. Moreover, those witnesses testified that Francis and other participants in the conspiracy regularly possessed firearms in order to protect themselves, their marijuana, and their cash. Cooperating witness Andrew Hibbert testified that Francis himself held firearms while guarding one of the crew's Bronx stash houses. The sum of this evidence, when taken in the light most favorable to the government, is sufficient to demonstrate that Francis at least once possessed a firearm in furtherance of the marijuana conspiracy, thus establishing Francis's guilt under 18 U.S.C. § 924(c)(1)(A).

2.      Mandatory Minimum Enhancement

Francis asserts that the district court erred in determining that his 1998 youthful offender adjudication constituted a "felony drug offense" enhancing his mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). See United States v. Jones, 415 F.3d 256, 260 (2d Cir. 2005) (describing New York law governing youthful offender adjudications). We review this claim de novo, see United States v. Jackson, 504 F.3d 250, 252 (2d Cir. 2007), and reject it.

We have previously held that prior convictions deemed youthful offender adjudications under New York law are treated as "felony drug offenses" for purposes of 21 U.S.C. § 841(b) when defendant was tried and convicted in an adult court of an adult drug offense punishable by imprisonment of more than one year. See United States v. Jackson, 504 F.3d at 252–53; United States v. Sampson, 385 F.3d 183, 194–96 (2d Cir. 2004); see also United States v. Jones, 415 F.3d at 265 (holding that youthful offender adjudication is treated as prior conviction under career offender Sentencing Guidelines). Furthermore, that

3

conviction must be final.  See 21 U.S.C. § 841(b)(1)(A).  Francis does not contest that his 1998 conviction for third-degree possession of marijuana meets those requirements.  Instead, he submits that our precedent is wrongly decided, and that we should instead follow the First Circuit's lead in United States v. McGhee, 651 F.3d 153, 158 (1st Cir. 2011), which held that youthful offender adjudications under Massachusetts law were not prior convictions for purposes of the career offender Sentencing Guidelines.  We are bound by our prior decisions, however, and must apply them "unless the decision has been overturned either by the Supreme Court or this Court en banc," United States v. Thomas, 628 F.3d 64, 69 (2d Cir. 2010), neither of which has occurred here.  Our sister circuit's interpretation of the effect of another state's youthful offender adjudications for purposes of the Sentencing Guidelines cannot change our analysis of a New York youthful offender adjudication for purposes of 21 U.S.C. § 841(b).

We similarly reject Francis's argument that our treatment of a youthful offender adjudication contravenes the Full Faith and Credit Act, see 28 U.S.C. § 1738.  As we explained in Jones, because we are "neither refusing to recognize nor relitigating the validity" of Francis's prior conviction, but are "merely noticing and acting upon the fact of [his] prior conviction" in enhancing Francis's mandatory minimum sentence, our decision to affirm is consistent with the statute.  415 F.3d at 265 (emphasis in original).

3.    Sentence

Francis contends that his cumulative sentence of 300 months' imprisonment is substantively unreasonable because it is significantly higher than the sentences received by

4

his more culpable co-defendants, and because it is inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). We review the substantive reasonableness of Francis's sentence under a "deferential abuse-of-discretion standard," Gall v. United States, 552 U.S. 38, 41 (2007); accord United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), and identify no such abuse of discretion here.

Francis received the mandatory minimum sentence for his two crimes of conviction. See 21 U.S.C. § 841(b)(1)(A) (providing twenty-year mandatory minimum sentence for defendant who commits offense "after a prior conviction for a felony drug offense has become final"); 18 U.S.C. § 924(c)(1)(A)(i) (providing five-year mandatory minimum sentence "in addition to the punishment provided for such . . . drug trafficking crime"); Abbott v. United States, 131 S. Ct. 18, 23 (2010) (holding that defendant is not spared from § 924(c)(1)(A)'s consecutive mandatory minimum sentence by virtue of receiving higher mandatory minimum for underlying drug-trafficking offense). Even assuming a mandatory minimum sentence were reviewable for reasonableness—which is not apparent—Francis's sentence was reasonable. We cannot say that the mandatory minimum sentence prescribed by Congress represents an "exceptional case[] where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted); see also Kimbrough v. United States, 552 U.S. 85, 107 (2007) (stating that, under advisory Guidelines, defendant remains subject to mandatory minimum penalty set forth in 21 U.S.C. § 841(b)). Nor is Francis's sentence unreasonable because of the prosecutor's decision to file a prior offender information, see 21 U.S.C. § 851,

5

against him and not his co-defendants. "Any disparity in the maximum statutory penalties between defendants who do and those who do not receive the notice is a foreseeable—but hardly improper—consequence of the statutory notice requirement" under 21 U.S.C. § 851. United States v. LaBonte, 520 U.S. 751, 762 (1997); accord United States v. Sanchez, 517 F.3d 651, 671 (2d Cir. 2008).

4.      Ineffective Assistance of Counsel

Francis claims that his trial counsel was constitutionally ineffective because counsel did not permit Francis to testify at trial as he wished. We decline to consider this ineffective assistance of claim on direct appeal in the absence of a factual record as to the adequacy of Francis's trial representation. See Massaro v. United States, 538 U.S. 500, 504–05 (2003); accord United States v. Khedr, 343 F.3d 96, 99–100 (2d Cir. 2003). Our decision to decline to resolve this issue is without prejudice to Francis raising this claim anew in the district court in a petition filed under 28 U.S.C. § 2255.

We have considered Francis's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court