13-1226-cr
*United States v. Salvatore*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 10th day of June, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                   *Chief Judge*,
             JOHN M. WALKER, JR.,
             CHRISTOPHER F. DRONEY,
                   *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

          *Appellee*,

          - v -                                    No. 13-1226-cr

CHAD A. SALVATORE,

          *Defendant-Appellant.*

_____

For Appellee:                    MONICA J. RICHARDS, Assistant U.S. Attorney, *for* William
                                 J. Hochul, Jr., U.S. Attorney for the Western District of
                                 New York, Buffalo, NY

For Defendant-Appellant:         WALTER L. ROOTH, III, Hamburg, NY


Appeal from the United States District Court for the Western District of New York (Skretny, *C.J.*).

1

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Chad Salvatore appeals from a judgment of conviction and sentence imposed on March 22, 2013, by the U.S. District Court for the Western District of New York (Skretny, *C.J.*). Salvatore pleaded guilty to seven counts of distribution and receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A),[1] and one count of obstruction of justice in violation of 18 U.S.C. § 1519. He was sentenced to serve 240 months on each count, to run concurrently, and to be followed by a lifetime term of supervised release. On appeal, he argues that the district court erred in finding that he was subject to an enhanced sentencing range on the basis of a prior conviction.

A conviction for distribution or receipt of child pornography ordinarily carries a mandatory minimum term of imprisonment of five years and maximum sentence of 20 years. 18 U.S.C. § 2252A(b)(1). However, if the defendant "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," the statute requires a mandatory minimum term of imprisonment of 15 years and a maximum sentence of 40 years. *Id.* We presume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issue on appeal.

Salvatore contends that the district court erred in finding that his youthful offender adjudication for violation of New York Penal Law § 130.50 triggered the sentencing enhancement set forth in 18 U.S.C. § 2252A(b)(1). The district court concluded that, under our decision in *United States v. Sampson*, 385 F.3d 183 (2d Cir. 2004), Salvatore's youthful offender

---

[1] There appears to be a discrepancy in the judgment, which indicates that Salvatore pleaded guilty under 18 U.S.C. § 2252(a)(2)(A) and every other document in the record, which indicate that Salvatore was charged under 18 U.S.C. § 2252A(a)(2)(A). We assume that this was a scrivener's error in the judgment and remand for the sole purpose of correcting the judgment.

adjudication was a "conviction" within the meaning of § 2252A(b)(1), and that therefore Salvatore was subject to the provision's sentencing enhancement. In so finding, the district court did not inquire into the particularities of Salvatore's youthful offender adjudication or sentence, but instead determined that youthful offender adjudications are, categorically, convictions under § 2252A(b)(1). On appeal, Salvatore argues that this determination was erroneous because, in his view, *Sampson* and related precedent require an examination of the substantive consequences of a youthful offender adjudication to determine whether it counts as a conviction under federal law. The government agrees that *Sampson* applies, but argues that *Sampson* does not require an individualized inquiry into the substantive consequences of the youthful offender adjudication.

Salvatore has presented substantial arguments to support his view that *Sampson* requires a court to examine the substantive consequences of a youthful offender adjudication to determine whether it constitutes a conviction within the meaning of § 2252A(b)(1). *See Sampson*, 385 F.3d at 195; *United States v. Jackson*, 504 F.3d 250, 253 (2d Cir. 2007).[2] However, we need not decide whether *Sampson* requires individualized or merely categorical inquiry because, in either case, Salvatore's youthful offender adjudication would be considered a conviction under § 2252A(b)(1). When conducting an individualized inquiry, we have held that "[t]here is no set formula for determining 'the substantive consequence of the criminal proceeding underlying the youthful offender adjudication.'" *Jackson*, 504 F.3d at 253 (quoting *United States v. Jones*, 415 F.3d 256, 264 (2d Cir. 2005)). However, we have considered factors including whether the

---

[2] Because both parties argue that "conviction" is defined by reference to federal law, we assume without deciding that "conviction" in this statute is defined by federal rather than state law. *But see United States v. Bruns*, 641 F.3d 555, 587 (D.C. Cir. 2011) (assuming, without deciding, "that Congress intended state law to determine whether a person has a prior conviction" under § 2252A(b)); S. Rep. No. 104-358, at 7-8 (explaining that the legislation containing the enhanced penalty provision was intended to bring federal law "in line with the penalties for such conduct established by most States").

defendant was tried in adult court, how the adjudication is characterized by the relevant state law, and whether any sentence was served in an adult prison. *See, e.g.*, *Jackson*, 504 F.3d at 253; *Sampson*, 385 F.3d at 195. Salvatore was tried in an adult court and, as described in *Sampson*, he incurred a conviction that was subsequently replaced by the youthful offender adjudication at issue in this appeal. *Id.* Although Salvatore did not serve time for his offense,[3] that factor is not alone dispositive. Moreover, other aspects of the record make it clear that his youthful offender adjudication should be treated as an adult conviction: he was only a few months shy of his eighteenth birthday when he committed the offense described in the criminal complaint, and he was eighteen when he pleaded guilty to the predicate offense, which was a Class B felony. Based on these undisputed facts, even assuming *arguendo* that we are required to analyze the substantive consequences of his youthful offender adjudication, we conclude that it would be a "conviction" under § 2252A(b)(1).

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[3] He was sentenced to five years' probation, which was discharged after four years.