14-58-cr(L)
*United States v. Powell et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

PRESENT:
>       GUIDO CALABRESI
>       GERARD E. LYNCH,
>           *Circuit Judges.*
>       JED S. RAKOFF,[*]
>           *District Judge*.

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Appellee*, | | |
| v. | Nos. | 14-58-cr(L)** |
| | | 14-339-cr(con) |
| | | 14-771-cr(con) |
| JEFFERY POWELL, AKA Ghost, TITUS | | 14-1054-cr(con) |
| NICKENS, AKA Tit, KAHARI SMITH, AKA | | 14-1890-cr(con) |
| Sealed Defendant, AKA Kiss, HABAKKUK | | 14-3479-cr(con) |

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

** These appeals were originally consolidated with that of co-defendant Jermeere McKinnon, no. 14-58. McKinnon's appeal was dismissed on February 27, 2015.

NICKENS, AKA HB,

    *Defendants-Appellants*

JERMEERE MCKINNON, AKA Hood, KENNETH JACKSON, AKA Karome, RIADDA TRAVET, AKA Rico, CHRISTOPHER MIKE, AKA Jah, AKA C-Mike, NATHAN RING, AKA Nate, DWAYNE HESTER, AKA Black, DONALD R. JOHNSON, JR., AKA D-Jigga,

    *Defendants*.

———————————————————————

| | |
|---|---|
| FOR APPELLANTS: | James M. Branden, New York, NY, *for Jeffery Powell.* |
| | MARIANNE MARIANO, Federal Public Defender's Office (Hillary K. Green, Of Counsel, *on the brief*), Buffalo, NY, *for Titus Nickens.* |
| | YVONNE SHIVERS, *for Habakkuk Nickens*. |
| | ROBERT A. CULP, Garrison, NY (Laurie S. Hershey, Manhasset, NY, *on the brief*), *for Kahari Smith.* |
| FOR APPELLEE: | PAUL D. SILVER, Assistant United States Attorney, *for Richard S. Hartunian*, United States Attorney for the Northern District of New York, New York, NY. |

  Appeal from judgments of the United States District Court for the Northern District of New York (Norman A. Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the judgments as to appellants Titus Nickens, Kahari Smith, and

Habakkuk Nickens are **AFFIRMED**.   Attorney James M. Branden's motion to be

relieved as counsel to Jeffery Powell, and the Government's motions to dismiss Powell's

appeal of his conviction and term of imprisonment and to summarily affirm his special

assessment and term of supervised release are **GRANTED**.

Jeffery Powell, Titus Nickens, Kahari Smith, and Habakkuk Nickens appeal from

judgments of conviction entered in the United States District Court for the Northern

District of New York, and their sentences of 121, 121, 420, and 240 months'

imprisonment, respectively.   All four appellants pled guilty to conspiring to conduct the

affairs of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §

1962(d).   We assume the parties' familiarity with the underlying facts and procedural

history.

*Jeffery Powell*

Powell's attorney moves to be relieved as counsel pursuant to Anders v. California,

386 U.S. 738 (1967).   To grant an Anders motion, we must be satisfied that (1) "counsel

has diligently searched the record for any arguably meritorious issue in support of his

client's appeal;" and (2) "defense counsel's declaration that the appeal would be frivolous

is, in fact, legally correct."   United States v. Burnett, 989 F.2d 100, 104 (2d Cir. 1993).

3

Powell pled guilty pursuant to a plea agreement in which he waived his right "to appeal . . . his conviction and any sentence of imprisonment of 121 months or less . . . ." A. 39. A defendant's knowing and voluntary waiver of the right to appeal is enforceable. United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000). Powell thus may not appeal his conviction and term of imprisonment. Neither Powell's supervised release term nor the special assessment, the only components of his sentence not covered by the appeal waiver, presents non-frivolous issues for appeal. Accordingly, counsel's motion to be relieved, and the government's motions to dismiss Powell's appeal of his conviction and term of imprisonment and to summarily affirm his supervised release and special assessment, are granted.

*Titus Nickens*

Titus Nickens argues that the district court committed procedural error by failing to consider his withdrawal from criminal activity prior to his arrest and alleged sentencing disparities among the codefendants. He did not object to these alleged failures in the district court and we therefore review for plain error. See United States v. Wernick, 691 F.3d 108, 117 (2d Cir. 2012). We find no error, plain or otherwise. Far from ignoring Nickens's positive community involvements, the district court expressly considered those activities, and indeed cited them as a reason to depart downward from Nickens's Criminal History Category, and thus to reduce his sentence. Moreover, even if the district court

4

were required to consider sentencing disparities between codefendents, but see United States v. Frias, 521 F.3d 229, 236 (2d Cir. 2008) (holding that such consideration is not required), we see no undue disparity among the sentences imposed on appellants and their codefendants' sentences.

Titus Nickens also argues that his sentence was substantively unreasonable in light of his individual characteristics. We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Rigas, 583 F.3d 108, 121 (2d Cir. 2009). A sentence will be set aside as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Id. at 122 (internal quotation mark omitted). The district court did not abuse its discretion by imposing a 121-month sentence. Judge Mordue's statement that Nickens's "only saving grace" was his involvement in a community nonprofit does not indicate that he did not consider Nickens's other arguably mitigating characteristics, but rather expresses the reasonable view that this involvement was the only mitigating factor sufficiently substantial to weigh against the seriousness of Nickens's crimes and his significant criminal history.

*Kahari Smith*

Kahari Smith argues that his sentence of 420 months in prison was substantively unreasonable because (1) he did not specifically intend to kill Kihary Blue; (2) his sentence

5

is disproportionate to those of his codefendants; (3) his personal characteristics weigh in favor of a lesser term of imprisonment; and (4) his criminal history category overstates the seriousness of his record because his only two prior convictions were for conduct charged as overt acts in the RICO conspiracy count. These arguments are without merit.

The district court was not required to accept Smith's claim that he lacked specific intent to murder Kihary Blue. But even if that assertion is credited, it is undisputed that Smith fired into a moving, occupied vehicle, an extremely reckless act that created a substantial and unjustifiable risk of death, and in fact caused the death of one person and the serious injury of another. The sentence imposed was neither disproportionate to the seriousness of Smith's conduct, nor disproportionate to the sentences of his codefendants, who did not commit acts of equivalent gravity.

Nor is there merit to Smith's claim that the district court failed to consider his personal characteristics. "We presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider" the § 3553(a) factors. United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006). Here, the district court expressly stated that it had considered the statutory factors which include a defendant's "history and characteristics." 18 U.S.C. § 3553(a)(1).

Finally, Smith argues that his criminal history score overstated the seriousness of his record, because his only two prior convictions were for conduct charged as overt acts in the RICO conspiracy count. We see no error in the district court's treatment of the

6

overlap between Smith's prior convictions and the predicate acts charged in this indictment, which was consistent with the methodology prescribed in the Sentencing Guidelines. See U.S.S.G. § 2E1.1 cmt. 4.

*Habakkuk Nickens*

Habakkuk Nickens argues that the district court committed procedural error by including his youthful-offender adjudication in his criminal history calculation without expressly considering the factors set forth in United States v. Driskell, 277 F.3d 150 (2d Cir. 2002), and by concluding that Nickens's participation in the shooting of Kihary Blue could constitute first degree murder. Habakkuk Nickens failed to raise these arguments in the district court and, therefore, we review them only for plain error. See Wernick, 691 F.3d at 117.

The district court did not commit plain error by failing to apply the Driskell factors. It was reasonable for the district court to interpret Driskell as applying only to defendants, like Driskell, whose youthful-offender adjudications are based on conduct that occurred before the defendant was eighteen years old. Driskell, 277 F.3d at 158; see also United States v. Orlando-Mena, 347 F. App'x 690, 692 (2d Cir. 2009) (summary order) ("There is no need to consider whether Orlando-Mena's [youthful-offender adjudication] sentence resulted from an adult conviction, because he committed the offense in question when he was eighteen years old."). Nickens committed his petit larceny offense at the age of

7

eighteen.  In any event, even if the <u>Driskell</u> factors should have been applied here, any error was harmless.  Judge Mordue chose to depart downward by one criminal history category, thus taking account of the possibility that giving full weight to all of Nickens's prior convictions overstated the seriousness of his criminal history.

We also reject Habakkuk Nickens's argument that there was an insufficient factual basis for the district court to apply the guideline for first degree murder.  The district court did not plainly err by relying on Nickens's stipulation in his plea agreement that he was accountable for the first degree murder of Kihary Blue.  Moreover, the court could properly rely on evidence that Nickens, who was driving the car from which Blue was shot, deliberately maneuvered the car so as to position Smith's gun in line with the windows of the rival vehicle.  There was thus ample basis to infer that Nickens acted with a deliberate intent to facilitate the murder of the occupants of the other vehicle.

Finally, we reject Habakkuk Nickens's claim that his sentence was substantively unreasonable.  He was a direct participant in the murder of Blue, which sharply distinguishes him from others who received lower sentences, and fully justifies his below-guidelines 20-year sentence.

We have considered all of the appellants' remaining arguments and find them to be without merit.  Accordingly, the judgments of the district court as to Titus Nickens, Kahari Smith, and Habakkuk Nickens are **AFFIRMED.**  The appeal of Jeffery Powell is

8

dismissed as to his conviction and sentence of imprisonment and the judgment as to him is

**AFFIRMED** in all other respects.

FOR THE COURT:
Catherine O' Hagan Wolfe, Clerk of Court

9